Gregory J. Marshall (#019886)
John M. DeStefano (#025440)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren St.
Phoenix, Arizona 85004-2202
602-382-6000
gmarshall@swlaw.com
jdestefano@swlaw.com
Attorneys for Defendant HSBC Mortgage
Corporation USA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JUDITH CARTER,<br><br>        Plaintiff,<br><br>v.<br><br>HSBC MORTGAGE CORPORATION (USA),<br><br>        Defendant. | No. 2:10-cv-01002-RRB<br><br>**DEFENDANT HSBC MORTGAGE CORPORATION USA'S REPLY SUPPORTING ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Defendant HSBC Mortgage Corporation (USA) ("HSBC") replies in support of its Motion to Dismiss under Fed. R. Civ. P. 9(b) and 12(b)(6) and renews its request that this action be dismissed in its entirety. Plaintiff offers no legitimate defense to the sustainability of her claims in her Response.[1] Moreover, she has failed to follow the Rules and the Court's instructions with respect to pleading her action. The Amended Complaint of record (doc. # 17) recognized by the Court has also never been signed by Plaintiff despite Defendant's written request that she do so (doc. # 22, at fn.1), providing another basis for dismissal. Rather, Plaintiff has attempted to amend her operative pleading by filing a Second Amended Complaint without leave of the Court, and arguing

---

[1] Plaintiff originally styled her document as an Amended Complaint, but it has since been retitled as a "Response to Motion to Dismiss," and docketed accordingly. (Doc. # 25, at 1.)

the existence of allegations in her Response not pled in the Amended Complaint. Regardless, Plaintiff has not presented any factual allegations that would permit her pleading to survive dismissal.  This Reply is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  BACKGROUND

Plaintiff filed her initial Complaint in state court on April 5, 2010, and this case was removed to this Court on May 10, 2010.  This Court granted HSBC's Motion to Dismiss the Complaint in its entirety on November 18, 2010.  (Doc. # 16.)  In so doing, the Court held that Plaintiff could not recover for breach of contract or bad faith because no completed contract for a loan modification was alleged.  (Doc. # 16, at 5-6.)  The Court further held that Plaintiff's allegations of fraud were deficient because they were not pled with any specificity, which "require[d] the Court to divine the nature of her fraud claim."  (Doc. # 16, at 7.)  Finally, the Court dismissed Plaintiff's claims for false advertising and deception because she failed to specify what federal or state statutes Defendant is supposed to have violated.  (Doc. # 16, at 8.)  The Court granted Plaintiff leave to amend her Complaint within 15 days, and gave very specific instructions on how to do so.  (Doc. # 16, at 9.)

Plaintiff then filed an unsigned Amended Complaint on December 7, 2010, after the Court's deadline to amend expired, which the Court nonetheless permitted because of Plaintiff's pro per status.  (Doc. # 19.)  Subsequently, Plaintiff filed a purported Second Amended Complaint, which included additional allegations not previously pled, without seeking leave of the Court, or otherwise following the requirements of LRCiv 15.1.  (Doc. # 20.)  After HSBC moved to dismiss the First Amended Complaint (the complaint of record) on January 6, 2011 (doc. # 22), Plaintiff failed to respond before the

deadline. The Court therefore ordered her to file a response by April 4, 2011 to avoid dismissal, (doc. # 24), and Plaintiff filed a timely Response. (Doc. # 25.)

Plaintiff's Response reiterates the allegations of the Amended Complaint, and argues the existence of additional allegations not pled. For example, she now argues that HSBC violated HAMP Guidelines by failing to notify her when HSBC failed to receive her first trial payment (doc. # 25, at ¶ 9), and further enumerates HSBC's alleged violations of certain alleged requirements of the federal Home Affordable Foreclosure Alternatives Program (doc. # 25, at ¶ 10), but nowhere are these allegations pled in the Amended Complaint.

## II. ARGUMENT

Contrary to the Rules and instructions of the Court, Plaintiff's Response does not identify which of her factual allegations support which of her claims, nor does she clarify what legal claims she is attempting to plead. Plaintiff has already been warned by the Court that she must meet these requirements, at a minimum, "[t]o avoid dismissal." (Doc. # 16, at 9.) Plaintiff also violates Fed. R. Civ. P. 15, and the local rules of this Court, because her new allegations represent an improper attempt to amend the Amended Complaint a second time without leave. Regardless, the additional allegations argued in the Response would present no legitimate obstacle to dismissal had she been permitted to plead them through amendment.

### A. **Plaintiff Offers No Argument in Support of Her Negligence Claim**

Plaintiff fails to present any argument or authority supporting the existence of a legal duty on the part of a mortgage lender to a borrower in the loan modification context, nor does Plaintiff argue the existence of causation. Plaintiff's negligence claim is therefore subject to dismissal for the reasons stated in HSBC's Motion to Dismiss, and because Plaintiff has failed to oppose its dismissal. *See* LRCiv 7.2(i) (Court may deem a failure to respond as "consent to the … granting of the motion").

- 3 -

### B. Plaintiff Offers No Argument Suggesting That She May Privately Enforce Federal Loan Modification Programs

With respect to the federal statutory claims, HSBC's Motion to Dismiss explained that there is no private right of action under federal loan modification legislation. Plaintiff does not rebut this argument, but merely enumerates alleged loan modification requirements and argues in conclusory fashion that HSBC violated them. Pleading the existence of alleged violations does not confer standing, which she lacks because these programs afford her no privately enforceable rights as a matter of federal or contract law. *See, e.g.*, *Ramirez v. Litton Loan Servicing, LP*, No. CV-09-319, 2009 WL 1750617, at *1 (D. Ariz. June 22, 2009); *Barrey v. Ocwen Loan Servicing, LLC*, No. CV-09-573, 2009 WL 1940717, at *1 (D. Ariz. July 2, 2009); *Marks v. Bank of America, N.A.*, No. 03:10-cv-08039-PHX-JAT, 2010 WL 2572988 (D. Ariz. June 22, 2010); *Robinson v. Wells Fargo Bank, N.A.*, No. CV 09-2066-PHX-JAT, 2010 WL 2534192, at *5-8 (D. Ariz. June 18, 2010); *Villa v. Wells Fargo*, No. 10-CV-81, 2010 WL 935680 (S.D. Cal. Mar. 15, 2010); *Escobedo v. Countrywide Home Loans, Inc.*, No. 09-CV-1557, 2009 WL 4981618 (S.D. Cal. Dec. 15, 2009)). To the extent Plaintiff seeks to sue directly under federal loan modification programs, her claims should be dismissed.

### C. Plaintiff Fails to Plead Her Fraud Claim With Particularity

Finally, Plaintiff has failed to meet this Court's express requirement that she plead her fraud claim with enough specificity to provide HSBC with adequate notice to allow it to defend the charge. (*See* doc. # 16, at 7.) Even with her additional descriptions of alleged requirements of federal loan modification programs, Plaintiff fails to point to any allegations pled in the Amended Complaint pleading a false statement, reasonable reliance, or injury.

Plaintiff's new assertion that HSBC "should have notified [her] as soon as they didn't receive the first trial payment to encourage [her] to make the 1st payment"

(doc. # 25 at ¶ 9) does not support a claim for fraud.  Nor is fraud pled by her allegations that "Defendant should have made sure that the documentation was sent certified mail," and that HSBC otherwise should have advised her concerning her payment obligations. (Doc. # 17 ¶¶ 6-7.) At most, Plaintiff suggests that HSBC did not assist her to her satisfaction in meeting her own obligations under the trial period plan.[2]  Where plaintiffs attempt to plead fraud, it is insufficient to plead only that "Plaintiffs find the [HAMP process] to be disagreeable and inconvenient to them as consumers." *Cervantes v. Countrywide Home Loans, Inc.*, No. 09-517-PHX-JAT, 2009 WL 3157160, at *11 (D. Ariz. 2009) (dismissing fraud complaint against Mortgage Electronic Registration Systems on similar reasoning).  Plaintiff's allegations in this vein do not rise to the level of fraud.  *See id.*

Further, as explained in HSBC's Motion, Plaintiff does not offer any allegations or argument explaining how she relied to her detriment, or was harmed thereby.  Plaintiff does not allege or argue that HSBC's actions influenced her conduct in a detrimental manner.  Plaintiff does not allege or argue that she was ready, willing, or able to make trial period payments under the HAMP modification plan.  The allegations do not articulate how Plaintiff was harmed by her continued occupancy of the Property rent- and mortgage-free during the trial period.  There are no allegations, nor could there be, that if Plaintiff had made the trial payments, she would have been given a permanent modification and accepted it.[3]  Nor does Plaintiff allege that she would have made any

---

[2] Indeed, Plaintiff's argument is contradicted by her own, earlier judicial admissions.  Plaintiff conceded in her original Complaint that she did receive a letter dated December 15, 2009, inquiring about her failure to respond to HSBC regarding a HAMP modification of her home loan.  A copy of this letter was attached to the Complaint.  Doc. # 1-3 at p. 11 ¶ 11; p. 47

[3] Plaintiff admitted in her earlier pleading—as recited and analyzed in this Court's dismissal order—that she responded to HSBC's modification offer not by accepting it, but by insisting upon a different type of modification that would forgive her entire principal balance. (Doc. # 16, at 3-4, 6 (describing Plaintiff's request for principal reduction and concluding that she failed to allege the existence of any modification contract).  Thus, no amendment could supply causation or damages.

- 5 -

1  payments under this speculative permanent modification so as to prevent the foreclosure
2  that occurred.
3       Plaintiff asserts that federal programs encourage the use of short sales and deeds
4  in lieu of foreclosure (doc. # 25 ¶ 10), but she does not allege how she was deceived as
5  to such a program or how such a program resulted in her detrimental reliance.  In sum,
6  the Response merely reaffirms Plaintiff's personal opinion that she should have received
7  a loan modification prior to foreclosure.  Regardless, she states no claim for fraud, nor
8  does she argue how such a claim could be stated through further amendment.  For this
9  reason, dismissal with prejudice is now appropriate.

### III.   CONCLUSION

     Plaintiff's First Amended Complaint does not cure the defects of her pleading; it fails to state a claim upon which relief can be granted.  Further leave to amend is not appropriate.  As this Court already explained, it would "give Plaintiff this one opportunity to amend the complaint before it dismisses her lawsuit in its entirety."  (Doc. # 16, at 9.)  For the foregoing reasons, HSBC renews its request that the Court dismiss the First Amended Complaint in its entirety with prejudice.

     DATED this 7th day of April, 2011.

                  SNELL & WILMER, L.L.P.


By:     *s/John M. DeStefano*
        Gregory J. Marshall
        John M. DeStefano
        SNELL & WILMER L.L.P.
        One Arizona Center
        400 East Van Buren St.
        Phoenix, Arizona 85004-2202
        Attorneys for Defendant HSBC Mortgage
        Corporation USA

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of April 2011, I served the attached document by mail on the following, who is not a registered participant of the CM/ECF System:

Judith Carter
81 S. 223rd Avenue
Buckeye, Arizona 85326
*Plaintiff Pro Se*

                                                        *s/Donna Razo*

12838101.3