IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JUDITH CARTER,<br><br>        Plaintiff,<br><br>vs.<br><br>HSBC MORTGAGE CORPORATION (USA),<br><br>        Defendant. | Case No. 2:10-cv-01002-RRB<br><br><br>**ORDER REGARDING DEFENDANT'S<br>MOTION TO DISMISS AT 22** |

**I.    INTRODUCTION**

        Before the Court is Defendant HSBC Mortgage Corporation ("HSBC") with a Motion to Dismiss at Docket 22.  Defendant contends that it did not negligently act with regard to the modification of Plaintiff's home mortgage, that Plaintiff has failed to allege adequate facts to support her fraud claim, and that the Home Affordable Modification Program ("HAMP") does not create a private cause of action.[1]  Plaintiff Judith Carter opposes at Docket 25 and argues that, due to negligence or fraud, HSBC failed to provide her with promised documentation required to accomplish her home loan

---

        [1]        Docket 22 at 4.

modification. Additionally, Carter claims that HSBC failed to provide her with adequate notice of its non-receipt of her Trial Period Plan payment in violation of the HAMP.[2]

As a preliminary matter, in light of Carter's *pro se* status, the Court will accord her some leniency in filing her Second Amended Complaint.[3] Despite Carter's filing without leave of the Court, and despite the previous court's exhortation to Carter that she amend her complaint only once, the Court will allow Plaintiff's Second Amended Complaint at Docket 20 to stand.[4] It is upon this Complaint that the current litigation will proceed.  Further, as Carter neglected to explicitly enumerate her claims, the Court will proceed using HSBC's speculation regarding the label of such claims, namely negligence, fraud, and statutory violations.[5]

Inasmuch as the Court has determined that HSBC owed a duty to Plaintiff, that Plaintiff alleged sufficient facts to support her fraud claim, but that the HAMP does not provide for a private cause of action, Plaintiff's statutory violations claim is hereby

---

[2]   Docket 25 at 3.

[3]   See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623-24 (9th Cir. 1988) (where a "plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt.").

[4]   Docket 16 at 9.

[5]   Docket 22 at 3.

dismissed. Plaintiff's negligence and fraud claims, however, survive.[6]

## II. STANDARD OF REVIEW

A motion under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations."[7] In deciding a motion, not only must a court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff.[8] In short, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[9] A court should not look to "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[10]

---

[6] For the factual background of the case, the Court adopts Docket 16 at 1-4.

[7] Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

[8] Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)).

[9] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (internal citations omitted).

[10] Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997).

ORDER RE MOTION TO DISMISS AT 22 - 3

**III. <u>DISCUSSION</u>**

    **A.   HSBC Owed a Duty to Carter.**

HSBC claims that because there was no relationship between it and Carter that required HSBC "to use some care to avoid or prevent injury to the plaintiff . . . Plaintiff's claim should be dismissed for want of legal duty."[11]  This Court disagrees.

"To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages."[12]  Not only is the existence of a duty a legal question, it is also "a threshold issue; absent some duty, an action for negligence cannot be maintained."[13]  A defendant owes a duty to a plaintiff when their relationship is such that "'the defendant was under an obligation to use some care to avoid or prevent injury to the plaintiff.'"[14] Morever,

---

   [11]    Docket 22 at 5.

   [12]    <u>Gipson v. Kasey</u>, 150 P.3d 228, 230 (Ariz. 2007).

   [13]    <u>Id.</u> at 230-31 (citing <u>Markowitz v. Ariz. Parks Bd.</u>, 706 P.2d 364, 366 (Ariz. 1985)).

   [14]    <u>Bloxham v. Glock Inc.</u>, 53 P.3d 196, 199 (Ariz. Ct. App. 2002) (quoting 706 P.2d at 368).

> [i]t is the general rule of law that, where a relation of trust or confidence exists between two parties so that one of them places peculiar reliance in the trustworthiness of another, the latter is under a duty to make a full and truthful disclosure of all material facts, and is liable for misrepresentation or concealment . . . .[15]

Significantly, a duty of care can arise from a special relationship created by actions undertaken by the defendant.[16]

Here, Carter alleges that HSBC committed an act of negligence when HSBC "representative Theresa A. Nicchia failed to send additional documents to [Carter] before trial period payment in order for [Carter] to fulfill [HSBC]'s request."[17]  In its November 9, 2009, letter, HSBC informed Carter that "We will be mailing documentation providing more detailed information regarding this program to you under separate cover within 7-10 business days."[18]  Not only was there a relationship of trust and confidence between Carter and HSBC, due to HSBC's role as the bank servicing Carter's primary residence mortgage, but HSBC created a specific duty of care owed to Carter when HSBC informed her that additional

---

[15]   Stewart v. Phoenix Nat. Bank, 64 P.2d 101, 106 (Ariz. 1937).

[16]   150 P.3d at 232 (citing Stanley v. McCarver, 92 P.3d 849, 851 (Ariz. 2004)).

[17]   Docket 25 at 1.

[18]   Docket 22-1 at 1.

documents regarding a potential modification would be sent to her. It is reasonable to assume that before taking any action with regard to a potential modification, including making a Trial Period Plan payment, Carter would have waited for the additional documents from HSBC, as they likely contained required information that Carter needed in order to proceed with the modification. HSBC, therefore, owed a duty to Carter to make certain that, in accordance with Section 15 of the Deed of Trust, such referenced documents were sent to Carter.[19] Whether such documents were actually sent or not, however, is an issue to be decided by the trier of fact and need not be answered by the Court at the present time.

    HSBC further argues that Carter cannot maintain her negligence claim because she cannot prove causation.[20] The element of causation is a factual matter and, in most cases, cannot be decided upon the pleadings.[21] Therefore, this Court need not reach the issue of causation at this time.

//

//

---

    [19]    Docket 22-1 at 13.

    [20]    Docket 22 at 6.

    [21]    150 P.3d at 230 n. 1.

**B.   Carter Adequately Alleges Fraud.**

HSBC argues that Carter's fraud claim must fail because she "does not allege what statement HSBC allegedly made to her that was false, how she relied on that statement, or how she was injured by it."[22]  HSBC's argument is unconvincing.

Under FRCP Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."[23]

Under Arizona law,

> [a] showing of fraud requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; [and] (9) his consequent and proximate injury.[24]

---

[22]   Docket 22 at 8.

[23]   Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1400-01 (9th Cir. 1986).

[24]   Echols v. Beauty Built Homes, Inc., 647 P.2d 629, 631 (Ariz. 1982) (citing Nielson v. Flashberg, 419 P.2d 514 (Ariz. 1966)).

Furthermore, "[f]raud can be based upon unfulfilled promises or expressions concerning future events only if statements regarding those events 'were made with the present intent not to perform.'"[25]

When taken as true, the allegations in Carter's complaint are sufficient to satisfy both the heightened federal pleading standard of Rule 9(b), as well as Arizona's requirements for showing fraud. Carter alleges that

> Defendant **knew** that if the Defendant did not receive the pretrial payments and signed documentation that the HAMP would have been revoked and the real property would have gone on public auction . . . [Carter's] rights were violated **intentionally** so [she] would not have the chance to send trial period payments in order for the loan modification to be finalized.[26]

Carter's complaint, therefore, establishes: when she was told that the supplementary documents would be sent; how they were to be sent; how she was told she was to receive them; and who told her she was going to receive them. Morever, Carter's complaint establishes that the supplementary documents were withheld intentionally; HSBC knew that if Carter did not receive, complete, and return the applicable documentation with her first Trial Period Plan payment attached, Carter would be ineligible for relief under

---

[25] McAlister v. Citibank (Arizona), a Subsidiary of Citicorp, 829 P.2d 1253, 1260 (Ariz. Ct. App. 1992)(quoting Spudnuts v. Lane, 641 P.2d 912, 914 (Ariz. Ct. App. 1982)).

[26] Docket 20 at 3 (emphasis added).

the HAMP. Additionally, it can be reasonably implied from Carter's complaint that it was with this knowledge that HSBC sent the November 9, 2009, letter. Carter relied on HSBC's statement and missed the HAMP deadline, resulting in the public auction of her house. Thus, in construing these allegations in the light most favorable to the Plaintiff, the Second Amended Complaint alleges specific enough facts to allow HSBC to defend against Carter's fraud claim and, as such, Carter is entitled to present evidence concerning such claim.

  C. **No Private Cause of Action under the HAMP**.

 Carter contends that under the HAMP she can sue HSBC for its failure to notify her as soon as it did not receive her first Trial Period Plan payment and to encourage her to make such payment.[27] This Court disagrees.

 The HAMP does not vest individuals with the right to sue mortgage servicers under the Home Affordable Foreclosures Alternatives Program in order to enforce the requirements of the HAMP.[28] Congress expressly did not create a private cause of action, vesting all compliance authority in Freddie Mac.[29] Likewise, a

---

 [27] Docket 20 at 3.

 [28] <u>Marks v. Bank of America, N.A.</u>, No. 03:10-cv-08039-PHX-JAT, slip op. at 5 (D. Ariz. June 22, 2010).

 [29] <u>Id.</u> at 6.

private cause of action cannot be implied from the HAMP.[30] Furthermore, even if a private cause of action were permitted in this instance, HSBC's December 15, 2009, letter inquiring into Carter's lack of response regarding her potential HAMP modification would likely qualify as notice that HSBC had not received Carter's first Trial Period Plan payment and as encouragement to make such payment. Accordingly, dismissing Carter's statutory violations claim against HSBC is appropriate.[31]

## IV. CONCLUSION

For the foregoing reasons, dismissal of Plaintiff's statutory violations claim found in her Second Amended Complaint is proper. However, Plaintiff's negligence and fraud claims survive dismissal. Accordingly, Defendant's Motion to Dismiss at **Docket 22** is hereby **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

ENTERED this 7th day of July, 2011.

                                      S/RALPH R. BEISTLINE
                                      UNITED STATES DISTRICT JUDGE

---

[30] Id.

[31] Id.